UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**JUN 0 1 2005**
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CIV04-4116 |
| | * | |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND |
| | * | ORDER GRANTING MOTION |
| ONE .410 GAUGE SHOTGUN | * | TO STRIKE |
| SERIAL #1865 and ONE U.S. | * | |
| ARMY MODEL 1917 COLT .45 | * | |
| REVOLVER, SERIAL #191086, | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is the Government's motion to strike the answer of Robert Worshek (Doc. 10) in an action for forfeiture under 28 U.S.C. § 881 of one .410 gauge shotgun and one U.S. Army Model 1917 Colt .45 revolver. According to the Government, the Drug Enforcement Administration (DEA) had earlier commenced a non-judicial civil procedure under the provisions of 18 U.S.C. §983(a)(1). After providing the appropriate notices and advertisements of the DEA's intention to forfeit the Defendant property, counsel for Robert Worshek timely filed with the DEA a contest of forfeiture of property.

The Government then brought this action for forfeiture. The forfeiture complaint, which was filed on July 26, 2004, alleges that after approximately one pound of methamphetamine was seized from Robert Worshek's residence, a search of a storage unit rented to Robert Worshek led to the discovery and seizure of the .410 gauge shotgun and 1917 Colt .45 revolver. Doc. 1. On behalf of Robert Worshek, his counsel answered the complaint on August 26, 2004, contending that Worshek had not been convicted of any crimes for which the forfeiture statutes applied, that the action was premature, and that the Court did not have jurisdiction over the matter. Doc. 7. Robert Worshek was later convicted of distribution of a Schedule II controlled substance in CR04-40015-02.

The Government served the notice of forfeiture and complaint on counsel for Robert Worshek on August 20, 2004, and filed the notice of forfeiture in the Sioux Falls Argus Leader on September 7, 14 and 21, 2004. The notice of civil forfeiture states:

> In order to avoid forfeiture of the property any person having or claiming an interest in the defendant property must file a statement of interest or right (claim), in the manner set forth in Rule C(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, except that such statement of interest or right (claim) must be filed not later than **thirty (30) days** after the date of service of the Government's complaint . . . and such person shall serve and file his/her answer to the verified complaint within **twenty (20) days** after the filing of the statement of interest or right (claim).

(Doc. 9).

Although counsel for Robert Worshek answered the forfeiture complaint, he did not file a statement of interest or right in the judicial forfeiture action. The Government filed its Motion to Strike Answer of Robert Worshek with attached certificate of service (Doc. 10) on December 10, 2004. Robert Worshek has not responded to the motion.

In support of its motion to strike, the Government contends that Rule C(6) of the Supplemental Admiralty and Maritime Claims Rules requires that a claimant must file both a sworn statement of interest (or claim) and an answer to the complaint.[1] The Government cites case law holding that the filing of a verified statement is more than a procedural technicality, and the statement of interest is a predicate to establishing standing to contest the forfeiture. *See United States v. $23,000 in United States Currency,* 356 F.3d 157, 162 (1st Cir. 2004); *United States v. $364,960.00 in United States Currency,* 661 F.2d 319, 326 (5th Cir. 1981). The Government contends that neither the answer of Robert Worshek in the forfeiture action nor the claim filed in the

---

[1] The Government also contends that the motion to strike should be granted because counsel for Worshek did not state what his authority was to present a statement of interest on behalf of another. Rule C(6)(a)(ii) of the Supplemental Admiralty and Maritime Claims Rules provides that "an agent, bailee, or attorney must state the authority to file a statement of interest in or right against the property on behalf of another." Since the motion to strike has been granted based on the failure to file a sworn statement of interest in the judicial action, the Court need not determine what, if any, explanation other than identifying oneself as another's counsel an attorney must provide to satisfy the Rule C(6)(a)(ii) requirement.

2

administrative forfeiture proceedings[2] satisfies the requirements of Rule C(6) in judicial forfeitures.

The Eighth Circuit Court of Appeals has repeatedly held that district courts may require claimants in forfeiture proceedings to comply strictly with Rule C(6) of the Supplemental Admiralty and Maritime Claims Rules in presenting their claims to the court. *See United States v. Three Parcels of Real Property*, 43 F.3d 388, 391 (8th Cir. 1994). There may be circumstances in which this Court would excuse strict compliance with Rule C(6). *See United States v. Beechcraft Queen Airplane Serial Number LD-24*, 789 F.2d 627, 630 (8th Cir. 1986)(Court recognizes that district courts have relieved claimants of the harsh consequences of not filing a timely verified claim under Rule C(6) when the claimant had filed some form of claim or supporting document in addition to his answer). By not responding to the motion to strike, however, Robert Worshek has not presented the Court with any reason for not granting the motion to strike his answer. Accordingly,

IT IS ORDERED that the Motion to Strike the Answer of Robert Worshek (Doc. 10) is granted.

Dated this 31st day of May, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
(SEAL)    DEPUTY

---

[2] The claim filed in the administrative forfeiture proceedings was not made a part of the record in this action.